UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ORLAND ACQUISITIONS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO. 1:08-CV-58 |
| | ) |
| **HILCO INDUSTRIAL, LLC, and** | ) |
| **PFI SALES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This case was filed with the district court by Plaintiff based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.)  The Complaint alleges that Plaintiff Orland Acquisitions, LLC, is "a limited liability company organized under . . . the laws of the State of Indiana with its principal place of business in the State of Indiana and is a citizen of the State of Indiana." (Compl. ¶ 2.)  It further alleges that each Defendant is "a limited liability company organized under . . . the laws of the State of Michigan with its principal place of business in the State of Michigan and is a citizen of the State of Michigan." (Compl. ¶¶ 3, 4.)

Plaintiff's Complaint is inadequate. *See generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction).  A limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, the Court must be advised of the citizenship of all the members of Plaintiff and Defendants to ensure that none of Defendants' members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of Plaintiff or

Defendants who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002) (stating that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be"); *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen.").

Therefore, Plaintiff is ORDERED to file an Amended Complaint forthwith that properly identifies the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 3rd day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge